# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **RICK FREDERICK**, on behalf of himself and others similarly situated, | : |
| Plaintiff, | : CASE NO. 3:22-cv-699 |
| v. | : JUDGE |
| **CCH HEALTHCARE OH, LLC**, c/o Eric M. Simon 200 Public Square, Ste. 3500 Cleveland, OH 44114; | : MAGISTRATE JUDGE : **JURY DEMAND ENDORSED HEREON** |
| and | : |
| **CCH HEALTHCARE LIMITED LIABILITY COMPANY**, 15 America Ave., Ste. 304 Lakewood, NJ 08701, | : |
| Defendants. | : |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Plaintiff Rick Frederick ("Named Plaintiff"), by and through undersigned counsel, individually and on behalf of others similarly situated, for his Collective and Class Action Complaint against Defendants CCH Healthcare OH, LLC ("Defendant CCH OH") and CCH Healthcare Limited Liability Company ("Defendant CCH") (collectively "Defendants") for Defendants' failure to pay employees overtime wages and seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.03 and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The FLSA claim is brought as a collective action pursuant to

29 U.S.C. § 216(b) while the Ohio Acts claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy. Moreover, Defendants purposefully availed themselves of this Court's jurisdiction and venue when they elected to operate and/or control the daily activities and terms and conditions of employment of Named Plaintiff and others similarly situated (as outlined more fully below).

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants employed Named Plaintiff and others similarly situated in the Northern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio, and Defendants conduct substantial business in the Northern District of Ohio.

## II. PARTIES

### A. Plaintiffs

Named Plaintiff

4. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Northern District of Ohio.

5. Named Plaintiff was employed by Defendants beginning in 2015 until July 2021 as an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

Specifically, Named Plaintiff was employed as an hourly State Tested Nursing Assistant ("STNA") at Defendants' Twilight Gardens Nursing & Rehabilitation facility located in Norwalk, Ohio.

6. During relevant times, Named Plaintiff worked forty (40) or more hours in at least one workweek.

7. During Named Plaintiff's employment with Defendants, Defendants required an unpaid meal break, generally thirty (30) minutes in length, from Named Plaintiff's and other similarly situated employees' daily hours worked. Named Plaintiff and other similarly situated employees often were unable to actually take a full 30-minute meal break, or their meal breaks were interrupted by having to perform work duties. This work time resulted in Named Plaintiff and other similarly situated employees not being fully and properly paid for all of their hours worked in violation of the FLSA and Ohio Acts.

8. Named Plaintiff brings this action on behalf of himself and those similarly situated, and he has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

<u>Opt-In Plaintiffs</u>

9. In addition to the Named Plaintiff, Named Plaintiff also files the completed Consent to Join form for Vicki Tanner (Opt-In Plaintiff Tanner). *See* **Exhibit B**.

**B.** **<u>Defendants</u>**

10. Defendants had control over Named Plaintiff and similarly situated employees' working conditions.

11. At all relevant times, Defendants have shared or co-determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees.

12. At all relevant times, Defendants have had direct or indirect control over the terms and conditions of Named Plaintiff's work and the work of similarly situated employees.

13. At all relevant times, Defendants have possessed the authority to control the terms and conditions of employment for Named Plaintiff and similarly situated employees and have exercised that authority.

CCH Healthcare OH, LLC

14. Defendant CCH OH is a domestic limited liability company that operates and conducts substantial business activities throughout Ohio, including the Northern District of Ohio.

15. At all times relevant, Defendant CCH OH was an employer of Named Plaintiff and other similarly situated employees as defined in the FLSA and the Ohio Acts.

CCH Healthcare Limited Liability Company

16. Defendant CCH is a foreign limited liability company that operates a family of Nursing and Healthcare facilities throughout the states of Ohio, including the Northern District of Ohio, and North Carolina.

17. Defendant CCH operates 21 facilities,[1] and, although these facilities may be operated by other registered entities, all of Defendant CCH's facilities maintain interrelated

---

[1] Defendant CCH's facilities include: Carver in Durham, NC; Cedars of Lebanon in Lebanon, OH; Cedarview in Lebanon, OH; Clovernook in Cincinnati, OH; Countryside Manor in Fremont, OH; Flint Ridge in Newark, OH; The Greens at Pinehurst in Pinehurst, NC; Harrison Pavilion in Cincinnati, OH; Lincoln Crawford in Cincinnati, OH; Locust Ridge in Williamsburg, OH; Meadowbrook in Cincinnati, OH; Meadow Wind in Massillon, OH; Northcrest in Napoleon, OH; Park Terrace in Toledo, OH; Pineville in Charlotte, NC; Ridgewood in Washington, NC; Scarlet Oaks in Cincinnati, OH; Solon Pointe in Solon, OH; Sunrise Manor in Amelia, OH; Twilight Gardens in Norwalk,

operations, centralized control of labor relations, common management and common ownership, and financial control.

18. Defendants have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. Defendants form a "single employer" because they are part of a single integrated enterprise and/or are joint employers because they jointly operate maintenance and cleaning services and maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

19. Because the work performed by Named Plaintiff and all other hourly healthcare employees benefited Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Named Plaintiff and other similarly situated healthcare employees under the FLSA's broad definition of "employer."

20. Defendants have substantial control over Named Plaintiff's and similarly situated healthcare employees' working conditions and over the unlawful policies and practices alleged herein.

21. Defendants directly or indirectly controls the terms and conditions of Named Plaintiff's work and the work of similarly situated healthcare employees.

22. Defendants have maintained control, oversight, and direction over Named Plaintiff and similarly situated healthcare employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

---

OH; and Willow Ridge in Rutherfordton, NC. *See Our Locations*, CCH HEALTHCARE, https://cchhealthcare.com/our-locations/ (last visited Apr. 29, 2022).

23. Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all healthcare employees at all of their locations and under all of their entities, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, timekeeping, and meal break deductions.

24. Defendants are an "employer" of Named Plaintiff and similarly situated healthcare employees as that term is defined by the FLSA.

25. Defendants have gross revenue that exceeds $500,000.00 per year.

26. At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

## III. FACTS

27. During all times relevant, Named Plaintiff and Defendants' other similarly situated employees are hourly, non-exempt healthcare employees who are entitled to overtime.

28. Named Plaintiff and other similarly situated healthcare employees worked more than forty (40) hours in one or more workweek(s).

29. During their employment with Defendants, Named Plaintiff and other similarly situated healthcare employees were not fully and properly paid for all overtime wages because Defendants required a daily 30-minute meal break deduction to their compensable hours worked even when Named Plaintiff and other similarly situated healthcare employees were unable to take a full, uninterrupted 30-minute meal break.

30. Specifically, Defendants required the deduction of a daily 30-minute meal break from the compensable hours worked by Named Plaintiff and other similarly situated healthcare employees.

31. However, Named Plaintiff and other similarly situated healthcare employees were often unable to take a meal break, took a shortened meal break, or otherwise had their meal break interrupted with job duties.

32. Defendants' facilities were regularly understaffed and Named Plaintiff and other similarly situated employees were too busy with work to take a full 30-minute meal break.

33. Named Plaintiff and other similarly situated healthcare employees were often engaged in charting while eating on their "meal breaks," would quickly eat between caring for patients or engaging in other job duties, or would take shortened meal breaks.

34. Consequently, a daily 30-minute meal break was deducted from healthcare employees' hours worked regardless of whether Named Plaintiff and other similarly situated healthcare employees received a full, uninterrupted 30-minute meal break.

35. As a result of Defendants' companywide policy and/or practice to require a 30-minute meal break deduction from their hourly, non-exempt healthcare employees' compensable hours worked for meal breaks that were not taken at all or that were interrupted by work duties, Defendants knew or had reason to know they were not compensating Named Plaintiff and other similarly situated healthcare employees for all hours worked.

36. Named Plaintiff and other similarly situated employees regularly worked more than forty (40) hours per week, or they would have worked more than forty (40) hours per workweek if their hours were not reduced by the unlawful meal break deduction, but they were not paid one-and-one-half times (1.5x) their regular rates of pay for all of hours worked over forty (40) per workweek as a result of Defendants' deduction of thirty (30) minutes for meal breaks that were not (fully) taken or that were interrupted.

37. Defendants' failure to compensate Named Plaintiff and other similarly situated healthcare employees, as set forth above, resulted in unpaid overtime.

38. At all times relevant herein, Named Plaintiff and other similarly situated employees were employees as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 § 34a.

39. Defendants are and have been an "employer" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 § 34a.

40. During relevant times, Defendants suffered or permitted Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their regular rates of pay as a result of Defendants' companywide policy and/or practice described above that affected Named Plaintiff and all other similarly situated employees.

41. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

42. During relevant times, Defendants had knowledge of and acted willfully regarding their conduct described herein.

43. Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or they otherwise failed to keep such records.

### IV. COLLECTIVE ACTION ALLEGATIONS

44. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt healthcare employees of Defendants in Ohio who had a meal break deduction taken from their compensable hours worked in any workweek that they were paid for at least forty (40) hours of work, beginning three (3) years prior to the filing date of this Complaint and continuing through the date of the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

50. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

51. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful payroll policies and practices described herein. Defendants failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime at a rate of at least one-and-one-half times (1.5x) their regular rates of pay, as that phrase is defined under the FLSA, for all overtime hours worked. Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

52. The identities of the putative FLSA Collective Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

53. The net effect of Defendants' policies and practices is that Defendants willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members overtime

wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## IV. RULE 23 ALLEGATIONS

54. Named Plaintiff brings his Ohio Acts claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of himself and all other similarly situated of the following class, consisting of:

> **All current and former hourly, non-exempt healthcare employees of Defendants in Ohio who had a meal break deduction taken from their compensable hours worked in any workweek that they were paid for at least forty (40) hours of work, beginning two (2) years prior to the filing date of this Complaint and continuing through the date of the final disposition of this case (hereinafter the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

55. During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked at least forty (40) hours per workweek, but they were not correctly compensated at a rate of at least one-and-one-half times (1.5x) their correct regular rates of pay, as that phrase is defined under the FLSA, for all hours worked in excess of forty (40) because of Defendants' policies and/or practices of requiring a meal break deduction to be taken even if employees do not receive an uninterrupted meal break.

56. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

57. Named Plaintiff is a member of the Ohio Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

58. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

59. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class whom he has undertaken to represent.

60. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

61. Questions of law and fact are common to the Ohio Rule 23 Class.

62. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

63. Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

64. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

65. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty (40) per workweek because of the unlawful meal break deductions; (b) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to Named Plaintiff and the

Ohio Rule 23 Class members for unpaid overtime or other compensation that was withheld or not paid to them.

66. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

V. **CAUSES OF ACTION**

**COUNT I**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

67. All of the preceding paragraphs are realleged as if fully rewritten herein.

68. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

69. During the relevant time period, Defendants employed Named Plaintiff and the FLSA Collective Members.

70. Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

71. Named Plaintiff and the FLSA Collective Members worked in excess of forty (40) hours in one or more workweek(s) during all times relevant.

72. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

73. The FLSA requires that non-exempt employees receive overtime compensation of one-and-one-half times (1.5x) their regular rates of pay for hours worked in excess of forty (40) per workweek. *See* 29 U.S.C. § 207(a)(1).

74. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime compensation.

75. Named Plaintiff and the FLSA Collective Members should have been paid overtime premium for all hours worked in excess of forty (40) hours per workweek during the three (3) years from the filing date of this Complaint.

76. Defendants violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by, *inter alia*, taking a meal break deduction even when their employees did not receive an uninterrupted meal break and thus failing to fully compensate them at one-and-one-half times (1.5x) their regular rates of pay for hours worked over forty (40) in workweeks.

77. Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

78. The exact total amount of overtime compensation that Defendants failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

79. As a direct and proximate result of Defendants' conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks

unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## COUNT II
### O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME

80. All of the preceding paragraphs are realleged as if fully rewritten herein.

81. This claim is brought under Ohio law, which incorporates the FLSA without limitation.

82. Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under Ohio law.

83. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

84. Named Plaintiff and the Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid overtime for all hours worked over forty (40) in a workweek for workweeks wherein they had a meal break deduction taken even though they did not take an uninterrupted meal break.

85. Defendants' companywide corporate policies and/or practices described herein resulted in unpaid overtime wages for Named Plaintiff and the Ohio Rule 23 Class.

86. Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of the Ohio Wage Act.

87. Defendants violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class by, *inter alia*, failing to compensate them at one-and-one-half times (1.5x) their correct regular rates of pay for hours worked over forty (40) in a workweek because of Defendants' meal break deduction policy and/or practice as described herein.

88. Defendants' repeated and knowing failure to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class Members constitutes violations of Section 4111.03, and, as such, Defendants acted willfully.

89. For Defendants' violations of Section 4111.03, by which Named Plaintiff and the Ohio Rule 23 Class have suffered and continue to suffer damages, Named Plaintiff and the Ohio Rule 23 Class seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
## O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT

90. All of the preceding paragraphs are realleged as if fully rewritten herein.

91. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants.

92. During relevant times, Defendants were entities covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

93. The OPPA requires Defendants to pay Named Plaintiff and the Ohio Rule 23 Class all wages, including unpaid overtime, in accordance with O.R.C. § 4113.15(A).

94. During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one-and-one-half times (1.5x) their regular rates of pay within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

95. The OPPA requires that the Defendants timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages in accordance with Section 4113.15(A).

96. By failing to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages due to them under the FLSA and the Ohio Wage Act, Defendants also violated the OPPA.

97. Named Plaintiff's and the Ohio Rule 23 Class Members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

98. Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

99. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

100. As a result of Defendants' willful violation, Named Plaintiff, the Rule 23 Class Members, and the Rule 23 Deduction Subclass Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

## COUNT IV:
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08; 29 C.F.R. §§ 516.2, *et seq*.

47. During times material to this complaint, Defendants were covered employers and required to comply with the Ohio Wage Act's mandates.

48. Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protections of the Ohio Wage Act.

49. During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours that Named Plaintiff and the Ohio Rule 23 Class Members worked each workday and within each workweek.

50. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendants and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

D. Finding that Defendants failed to keep accurate records, and, as such, Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F.  Awarding to Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G.  Awarding judgment against Defendants for unpaid wages and overtime owed to Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period pursuant to the OPPA;

H.  Awarding judgment against Defendants for liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed to Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period;

I.  Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

J.  Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

K.  Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

L.  Rendering a judgment against Defendants for all damages, relief, or any other recovery whatsoever;

M.  Directing Defendants to pay reasonable attorneys' fees and all costs connected with this action; and

N.	Granting such other and further relief as to this Court may deem necessary, just, and proper.

>Respectfully submitted,
>
>**COFFMAN LEGAL, LLC**
>
>*/s/ Matthew J.P. Coffman*
>Matthew J.P. Coffman (0085586)
>Adam C. Gedling (0085256)
>Kelsie N. Hendren (100041)
>1550 Old Henderson Rd
>Suite #126
>Columbus, Ohio 43220
>Phone: 614-949-1181
>Fax: 614-386-9964
>Email: mcoffman@mcoffmanlegal.com
>	agedling@mcoffmanlegal.com
>	khendren@mcoffmanlegal.com
>
>*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

>*/s/ Matthew J.P. Coffman*
>Matthew J.P. Coffman