# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **RICK FREDERICK**, on behalf of himself and others similarly situated, | : : : |
| Plaintiff, | : **CASE NO. 3:22-cv-699** : |
| v. | : **JUDGE JACK ZOUHARY** : : |
| **CCH HEALTHCARE OH, LLC**, *et al.*, | : **MAGISTRATE JUDGE DARRELL A. CLAY** : |
| Defendants. | : : |

## JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

Representative Plaintiff Rick Frederick ("Representative Plaintiff") and Defendants CCH Healthcare OH, LLC ("Defendant CCH"); CL Healthcare LLC; Clovernook Healthcare LLC; Countryside Manor Nursing and Rehabilitation Center LLC; CV Healthcare LLC; Flint Ridge Healthcare LLC; HP Healthcare LLC; Locust Ridge Healthcare LLC; Meadow Wind Healthcare LLC; Meadowbrook Healthcare LLC; New Scotland Health Care LLC; Northcrest Acres Nursing & Rehabilitation Center LLC; Park Terrace Nursing LLC; Scarlet Oaks Nursing and Rehabilitation Center LLC; Solon Pointe Healthcare LLC; Sunrise Nursing Healthcare LLC; and Twilight Healthcare LLC (all entities other than Defendant CCH collectively "Defendant Entities"; hereinafter Defendant CCH and Defendant Entities will be referred to collectively as "Defendants") (collectively, Representative Plaintiff and Defendants referred to as the "Parties") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") collective action settlement. The settlement was reached by experienced wage and hour counsel after arms-length, good faith settlement negotiations with a neutral third-party mediator.

The following documents are submitted for the Court's approval:

**Exhibit 1**: Collective Action Settlement Agreement and Release (the "Agreement") and Exhibit A – List of Opt-In Plaintiffs;

**Exhibit 2**: Proposed Notice of Settlement of Collective Action Lawsuit;

**Exhibit 3**: Declaration of Matthew J.P. Coffman ("Coffman Decl."); and

**Exhibit 4**: Proposed Order Granting Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice.

For the reasons set forth in the attached Memorandum in Support, the Parties respectfully request that the Court approve the FLSA settlement reached by the Parties and dismiss this case with prejudice.

Respectfully Submitted,

**COFFMAN LEGAL, LLC**

| | |
|---|---|
| */s/ Matthew J.P. Coffman* | */s/ Scott Salsbury* |
| Matthew J.P. Coffman (0085586) | Scott Salsbury (0039287) |
| Adam C. Gedling (0085256) | Salsbury & Salsbury, LPA |
| Kelsie N. Hendren (100041) | 5611 Hudson Dr. Suite 400 |
| 1550 Old Henderson Road | Hudson Ohio 44236 |
| Suite 126 | 330-655-5760 Office |
| Columbus, Ohio 43220 | 330-655-0526 Fax |
| Phone: 614-949-1181 | ssalsbury@salsburylaw.com |
| Fax: 614-386-9964 | |
| Email: mcoffman@mcoffmanlegal.com | |
| agedling@mcoffmanlegal.com | *Attorneys for Defendants* |
| khendren@mcoffmanlegal.com | |

*Attorneys for Representative Plaintiff and those similarly situated*

2

**MEMORANDUM IN SUPPORT**

I.    **FACTUAL AND PROCEDURAL BACKGROUND.**

    A.    **Summary of the Claims and Defenses.**

Representative Plaintiff filed this case on behalf of themselves and others similarly situated on April 29, 2022 (the "Action"). In the Action, Representative Plaintiffs assert claims against Defendants under the Fair Labor Standards Act ("FLSA") and Ohio law. (Coffman Decl., ¶¶ 9-11). Specifically, Representative Plaintiff alleges that Defendants failed to pay him and others similarly situated all overtime Defendants did not properly calculate employees' overtime rates of pay and they applied meal break deductions when employees did not receive bona fide meal periods. Defendants deny these allegations and maintain that they properly compensated all employees at all relevant times. The Parties mediated this issue with a well-respected mediator, Michael N. Ungar of Ulmer & Berne LLP. (*Id.* at ¶ 14). The Parties ended a full-day mediation at impasse but were able to resolve this dispute during continued discussions after mediation. (*Id.*).

    B.    **Summary of Key Settlement Terms.**

The total settlement amount is $425,000.00 (the "Global Settlement Fund"). This amount includes: (a) all individual payments to the Plaintiffs (as that term is defined in the Agreement); (b) a service award to each Representative Plaintiff; (c) Plaintiffs' Counsel's attorneys' fees and litigation expenses; and (d) the cost of settlement administration (the overall settlement reached by the Parties, as memorialized in the Agreement, is referred to herein as the "Settlement"). (*Id.* at ¶ 15). In addition to the individual payments in the Global Settlement Fund, Defendants issued prior payments totaling $137,495.55 ("Prior Issued Payments") as corrected overtime compensation. The total monetary relief when combining the Global Settlement Fund and the Prior Issued Payments is $562,495.55. (*Id.*).

If the Court approves the Settlement, then a Notice of Settlement of Collective Action Lawsuit (Exhibit 2) and settlement award payment will be sent to Representative Plaintiff and all other Opt-In Plaintiffs who joined the Action (collectively, Representative Plaintiffs and Opt-In Plaintiffs are referred to as "Plaintiffs"). In exchange for the Settlement and other consideration provided for in the Agreement, this Action will be dismissed with prejudice, and the Plaintiffs will release Defendant from all federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted, or could have been asserted, under the FLSA or any other applicable state or local wage-and-hour law relating to unpaid and/or untimely payment of wages, overtime, liquidated damages, attorneys' fees, costs, expenses, penalties, interest, settlement administration costs, and service awards. (*Id.*).

In addition to the settlement payments to Plaintiffs, the Agreement also calls for a payment to Representative Plaintiff of $7,500 in recognition of his service to the class, for which he will execute a general release of claims in favor of Defendants. The Agreement also calls for payment to Plaintiffs' Counsel of one-third of the Global Settlement Fund for attorneys' fees, and $24,314.61 for reimbursement of their litigation expenses incurred in the prosecution of this Action. (*Id.* at ¶ 17).

## II. **PROPRIETY OF APPROVAL OF THE SETTLEMENT.**

### A. The Overall Settlement is Fair, Reasonable, and Adequate

The court presiding over the settlement of an FLSA collective action may approve a proposed settlement if it finds that the settlement is "fair, reasonable, and adequate." *Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 WL 6536342, at *4 (S.D. Ohio Sept. 25, 2020) (Rice, J.) (citing *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). A district court looks to

the following seven factors in determining whether a collective action settlement is fair, reasonable, and adequate:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Id.* "While these factors are helpful in guiding the analysis, the 'fairness of each settlement turns in large part on the bona fides of the parties' legal dispute,' that is, whether there are real issues and risks in the case that would lead each party to opt toward settlement." *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 WL 1614822, at *2 (N.D. Ohio Mar. 26, 2019) (quoting *UAW*, 497 F.3d at 631). Application of these principles to this Settlement demonstrates that approval of the Parties' Settlement is warranted.

### 1. No Indicia of Fraud or Collusion Exists

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 WL 4913678, at *3 (N.D. Ohio Oct. 10, 2018) (internal quotation marks and further citation omitted). Here, the Agreement was achieved only after arms'-length and good faith negotiations between the Parties, after each Party had the opportunity to evaluate Defendants' time and payroll data to determine the potential damages at issue if this case were to continue. The Agreement was reached with the assistance of an independent mediator, Michael N. Ungar, and "[t]he participation of an independent mediator in the settlement negotiations virtually insures [sic] that the negotiations were conducted at arm's length and without collusion between the parties." *Hainey v. Parrott*, 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007). As such, because there is no indicia of fraud or collusion, this factor favors approval of the Settlement.

3

### 2. The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, *3 (S.D. Ohio Aug. 17, 2018) (Watson, J.) ("[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them") (citations omitted). Moreover, the Parties disagree over the merits of Plaintiffs' claims, as well as whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, and whether Plaintiffs would be entitled to liquidated damages if they were to prevail on the merits.

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Settlement, on the other hand, provides substantial relief to the Plaintiffs promptly and efficiently, and amplifies the benefits of that relief through the economies of class/collective resolution. (Coffman Decl. at ¶¶ 21-23).

### 3. Investigation Was Sufficient to Allow the Parties to Act Intelligently

The Parties engaged in substantial investigation prior to negotiating the Settlement. Defendants produced substantial data and documents. (Coffman Decl. at ¶ 13). In addition, Plaintiffs engaged a consultant to review those records and create a damages model. (*Id.*). As such, the Parties were able to perform a detailed analysis of the risks and possible outcomes of this case and the potential damages should Plaintiffs prevail on their claims, which allowed the Parties to negotiate a settlement based on facts and data. (*Id.*).

Additionally, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides.

4

### 4. The Risks of Litigation Favor Approval

Counsel for both sides believe in the merits of their clients' positions, while also recognizing that continued litigation will be uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendants raise various defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Accordingly, if this case is not settled, it is possible that the Plaintiffs could receive no compensation or, if they do receive any compensation, it will be only after protracted litigation. By settling the case at this relatively early stage of the litigation, the Parties bypass the inherent risks of litigation and achieve finality on this matter. This factor favors approval of the Settlement. *Satterly*, 2020 WL 6536342, at *6 ("the settlement provides relief to the settlement class members and eliminates the risks that the Parties would otherwise bear if the litigation were to continue on for years, which favors this factor").

### 5. Plaintiffs' Counsel's Recommendation Favors Approval

The Parties' Counsel are experienced in wage-and-hour collective and class actions, have acted in good faith, and have represented their clients' best interests in reaching the Settlement. Plaintiffs' Counsel supports the Settlement as fair and reasonable, and in the best interest of Plaintiffs, as described in the Declaration of Matthew J.P. Coffman. (Coffman Decl. at ¶ 20). "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright*, 2018 WL 3966253, at *5. Accordingly, this factor favors approval of the Settlement. In addition, the Settlement was recommended by a third-party neutral, Michael N. Ungar.

### 6. The Reaction of Absent Class Members

If the Court approves the Settlement, the Plaintiffs will receive a settlement award payment that in the Parties' Counsel's opinion is fair and reasonable and recommended by the mediator.

5

Plaintiffs' Counsel has not received any indication that any of the Plaintiffs would have an objection to this Settlement. (Coffman Decl. at ¶ 20).

### 7. The Public Interest

As the Sixth Circuit recently noted in another case involving the approval of an FLSA settlement, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 899 (6th Cir. 2019) (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)). Here, rather than face the risk and uncertainty of continued litigation, the Settlement confers immediate benefits on the Plaintiffs, avoids the risks and expense of further litigation, and conserves judicial resources. Thus, the Court should find that this factor supports approval of the Settlement.

### B. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, the Court must "ensure that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, No. 14-cv-2643, 2016 WL 4721208, at *6 (S.D. Ohio Sep. 9, 2016) (citation omitted). Here, all components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable and adequate for Plaintiffs.

### 1. The Individual Payments Are Reasonable and Adequate

The Settlement compensates Plaintiffs for alleged unpaid overtime wages on a *pro rata* basis based on the amount of alleged unpaid overtime owed to Plaintiffs as calculated by Plaintiffs' Counsel. "This ensures an equitable distribution of settlement proceeds that is directly tied to the claims of and harm allegedly suffered by the settlement class members and will provide them with a proportionate share of the settlement funds." *Satterly*, 2020 WL 6536342, at *8. As such, each

Plaintiff will receive (or has received) 100% of their regular rate of pay damages plus over 88% of their alleged meal break damages assuming 50% of the time they were unable to take a bona fide meal period. (Coffman Decl. at ¶ 16).

### 2. Representative Plaintiff's Service Award Is Proper and Reasonable

The Settlement provides for a service award of $7,500 to Representative Plaintiff, in addition to his individual settlement payment. Courts routinely approve service awards to representative plaintiffs in class and collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). Thus, service awards are "routinely approved for the simple reason to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Satterly*, 2020 WL 6536342, at *8 (citation omitted).

Here, Representative Plaintiff contributed significant time, effort, and detailed factual information enabling Plaintiffs' Counsel to evaluate the strength of this case, and reach a settlement of this matter that, in Plaintiffs' Counsel's opinion, fairly and adequately compensates the class for alleged unpaid wages. As such, the time and efforts Representative Plaintiff provided supports the requested service payment. (Coffman Decl. at ¶ 17).

### 3. The Attorney Fees to Class Counsel Are Proper and Reasonable

After the Court has confirmed that the terms of settlement are fair to the Plaintiffs, it may review the Parties' agreement as to the provision of fees and costs to Plaintiffs' Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), the Sixth Circuit

7

held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

Here, Plaintiffs are requesting that the Court approve reasonable attorneys' fees of $141,666.67, which represents one-third of the settlement fund and does not take into consideration the prior payments made by Defendants. "The Sixth Circuit has approved a court's use of the percentage-of-the-fund method to determine a reasonable attorney's fee from a common fund settlement." *Satterly*, 2020 WL 6536342, at *10 (citing *Rawlings v. Prudential Bache Prop., Inc.*, 9 F.3d 513, 515-16 (6th Cir. 1993)). Indeed, the "percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share…." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 789 (N.D. Ohio 2010).

This conclusion was recently reiterated in *Harsh v. Kalida Mfg.*, No. 3:18-cv-2239, 2021 WL 4145720 (N.D. Ohio Sep. 13, 2021). In *Harsh*, the Court held that while a court can utilize either the percentage-of-the-fund or the lodestar approach to determine whether an award of attorneys' fees is reasonable, the percentage-of-the-fund approach is more appropriate in class and collective actions, as it "rewards counsel for success and penalizes it for failure." *Id.* at *8. The Court further noted that the lodestar method was more appropriate in wage and hour cases that "involve relatively small claims and therefore small amounts of damages in question," because "counsel for employees will inevitably be required to expend substantial resources and time, sometimes accruing fees several times greater than the value of damages in the case." *Id.* In

8

contrast, in cases involving a common settlement fund the Court found that it "sees no compelling reason, let alone any reason, to deviate from" a request for one-third of the fund. *Id.*

A one-third fee award is "typical for attorney's fees in common fund, FLSA collective actions..." *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) (Morrison, J.); *see Myres v. Hopebridge, LLC*, No. 2:20-cv-5390, 2023 WL 2399056, at *6 (S.D. Ohio Feb. 21, 2023) (Sargus, J.); *Smith v. Local Cantina, LLC*, No. 2:20-cv-03064, 2022 WL 1183325, at *7 (S.D. Ohio Apr. 19, 2022) (Graham, J.); *O'Neil v. Miller Pipeline, LLC*, No. 2:20-cv-4034, 2021 WL 5376235, at *2 (S.D. Ohio Nov. 2, 2021) (Watson, J.); *Harsh v. Kalida Mfg., Inc.*, No. 3:18-cv-2239, 2021 WL 4145720, at *8 (N.D. Ohio Sept. 13, 2021); *Bailey v. Paradies Shops, LLC*, No. 2:20-cv-2610, 2021 WL 3662466, at *6 (S.D. Ohio Aug. 18, 2021) (Deavers, M.J.) (finding a one-third attorney fees request to be reasonable and noting, "District courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount"); *Mullins v. Data Mgmt. Co.*, No. 1:20-cv-214, 2021 WL 2820560, at *6, *8 (S.D. Ohio June 21, 2021) (McFarland, J.); *Arp v. Hohla & Wyss Enters., LLC*, No. 3:18-cv-119, 2020 WL 6498956, at *6 (S.D. Ohio Nov. 5, 2020) (Rice, J.). This requested attorneys' fees amount "is a normal fee amount in a wage and hour case." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 WL 6310376, at *5 (S.D. Ohio Nov. 25, 2019) (Rice, J.) (citing *Carr v. Bob Evans Farms, Inc.*, No. l:17-cv-1875, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018)); *see also Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 WL 6485159, at *6 (S.D. Ohio Dec. 3, 2019) (Vascura, M.J.) (approving an award of one-third of a settlement fund in a wage and hour case); *Call v. CTA Pizza, Inc.*, No. 2:18-cv-00696, 2019 WL 5307071, at *15 (S.D. Ohio Oct. 21, 2019) (Marbley, C.J.) (same); *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019

9

WL 1614822, at *5 (N.D. Ohio Mar. 26, 2019) (same); *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *6–7 (S.D. Ohio Aug. 17, 2018) (Watson, J.) (same).

Furthermore, Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs and expenses. Thus, Plaintiffs' Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci*, 2019 WL 6485159, at *7.

### 4. The Court Should Authorize Reimbursement to Plaintiffs' Counsel of Their Out-of-Pocket Expenses Incurred In This Case

Plaintiffs' Counsel should also be reimbursed for their out-of-pocket expenses and costs in the amount of $24,314.61. The costs and expenses were incurred for the filing fee, postage, a third-party notice administrator to administer notice, the analyst to construct the damages analysis, and Plaintiffs' share of the mediator's bill. (Coffman Decl. at ¶ 18). "Under the common fund doctrine, Plaintiffs' Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2019 WL 6310376, at *7 (S.D. Ohio Nov. 25, 2019). In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.*

## III. CONCLUSION.

The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal With Prejudice; (2) approve Plaintiffs' Counsel's request for attorneys' fees and expenses; (3)

approve the requested service payments; and (4) retain jurisdiction to enforce the settlement if necessary.

Respectfully Submitted,

**COFFMAN LEGAL, LLC**

| | |
|---|---|
| */s/ Matthew J.P. Coffman* | */s/ Scott Salsbury* |
| Matthew J.P. Coffman (0085586) | Scott Salsbury (0039287) |
| Adam C. Gedling (0085256) | Salsbury & Salsbury, LPA |
| Kelsie N. Hendren (100041) | 5611 Hudson Dr. Suite 400 |
| 1550 Old Henderson Road | Hudson Ohio 44236 |
| Suite 126 | 330-655-5760 Office |
| Columbus, Ohio 43220 | 330-655-0526 Fax |
| Phone: 614-949-1181 | ssalsbury@salsburylaw.com |
| Fax: 614-386-9964 | |
| Email: mcoffman@mcoffmanlegal.com | |
| agedling@mcoffmanlegal.com | *Attorneys for Defendants* |
| khendren@mcoffmanlegal.com | |

*Attorneys for Representative Plaintiff and those similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July 2023, a copy of the foregoing was filed electronically on the Court's CM/ECF system.  Notice of this filing will be sent to all counsel of record for viewing via the Court's ECF system.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman