IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rick Frederick,
*on behalf of himself and all others similarly situated*,

                    Plaintiff,

     -vs-

CCH Healthcare OH, LLC, et al.,

                    Defendants.

Case No. 3:22 CV 699

ORDER APPROVING FLSA
COLLECTIVE ACTION SETTLEMENT
<u>AND DISMISSAL WITH PREJUDICE</u>

JUDGE JACK ZOUHARY

       Plaintiff Rick Frederick ("Plaintiff") and Defendants CCH Healthcare OH, LLC; CL Healthcare LLC; Clovernook Healthcare LLC; Countryside Manor Nursing and Rehabilitation Center LLC; CV Healthcare LLC; Flint Ridge Healthcare LLC; HP Healthcare LLC; Locust Ridge Healthcare LLC; Meadow Wind Healthcare LLC; Meadowbrook Healthcare LLC; New Scotland Health Care LLC; Northcrest Acres Nursing & Rehabilitation Center LLC; Park Terrace Nursing LLC; Scarlet Oaks Nursing and Rehabilitation Center LLC; Solon Pointe Healthcare LLC; Sunrise Nursing Healthcare LLC; and Twilight Healthcare LLC ("Defendants"); all move this Court for approval of the collective Settlement. (Doc. 52).

       Having reviewed the Settlement (Doc. 52-1), the Notice (Doc. 52-2), the Declaration (Doc. 52-3), and the other filed papers, and for good cause, this Court finds as follows:

       1.    On April 29, 2022, Plaintiff filed his Complaint on behalf of himself and others similarly situated. (Doc. 1). The Complaint was amended twice. (Docs. 10, 49). Plaintiff alleged that Defendants violated the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act by failing to pay Plaintiff and others similarly situated for all hours worked, resulting in unpaid

overtime (*id.*). Specifically, Plaintiff alleged that he and other direct care employees were not paid overtime for all hours worked because of missed or interrupted meal periods and he further alleged that employees were not paid overtime at the correct rate when they compensation in addition to their hourly wages (*id.*). Defendants deny these allegations and maintain that they properly compensated all employees at all relevant times.

2. On September 27, 2022, this Court granted Plaintiff's Opposed Motion for Conditional Certification and Court Supervised Notice to Potential Opt-In Plaintiffs. (Doc. 23). This Court directed that the notice and consent be issued by mail and text (i*d.*).

3. Notice was issued and over 680 employees joined this case.

4. Thereafter, Defendants produced documents and data prior to Mediation with a neutral third-party Mediator.

5. On April 18, 2023, the Parties attended Mediation and engaged in arms-length settlement negotiations that were well-informed by a damages analysis. Although the Parties did not reach a settlement at the Mediation, they were able to do so afterwards.

6. The Settlement resolves all federal and state wage and hour claims for current and former and employees of Defendants who joined this case pursuant to Section 16(b) of the FLSA (the "FLSA Collective").

7. The Parties filed a Joint Motion for Approval of Collective Action Settlement and Dismissal with Prejudice (Doc. 52).

8. This Court now approves, as fair and reasonable, the Settlement (Doc. 52-1), with claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

9. This Court approves the proposed Notice of Settlement of Collective Action Lawsuit (Doc. 52-2) with distribution to members of the FLSA Collective.

10. This Settlement shall be implemented with payments distributed to the FLSA Collective as described in the filed papers. The total payment, after deduction of the service award to Representative Plaintiff, attorney fees, and litigation reimbursements to Plaintiff's Counsel, shall be distributed to the Representative Plaintiff and members of the FLSA Collective, which are calculated proportionally based on each member's alleged overtime damages.

11. This Court approves the Service Award to Representative Plaintiff, and such payment shall be made in the manner, and upon the terms and conditions, set forth in the Settlement.

12. This Court approves the payment of attorney fees and costs, as provided in the Settlement, and such payments be made in the manner, and upon the terms and conditions, set forth in the Settlement.

13. Representative Plaintiff and each of the members of the FLSA Collective in turn release claims against Defendants as provided in the Settlement.

14. This Court dismisses this action with prejudice, retaining jurisdiction for the purpose of enforcing the Settlement.

IT IS SO ORDERED.

        s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 20, 2023